IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN HASSETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23 C 14592 |
| ) | |
| UNITED AIRLINES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

John Hassett has filed suit against his employer, United Airlines, Inc., for alleged violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), and the Arizona Civil Rights Act (ACRA) related to United's COVID-19 vaccination policies. United has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the following reasons, the Court grants United's motion.

**Background**

Hassett is a pilot employed by United. On August 6, 2021, United announced that all employees would be required to be vaccinated against COVID-19 or face termination. On August 15, Hassett requested a religious exemption from the vaccination requirement "based on sincerely-held religious beliefs as a Christian." Am. Compl. ¶ 13. United requested additional information from Hassett, which he provided. Sometime between September 9 and September 11, United notified Hassett that it had

"approved" his exemption and "that he would be placed on unpaid leave without benefits in October 2021 for up to 72 months at which time [he] would have to get vaccinated or be terminated." *Id.* ¶ 17. Hassett "notified United that he did not believe unpaid leave without benefits was a reasonable accommodation." *Id.* ¶ 19.

"Around that same time frame, [Hassett] underwent blood testing" and, he says, "learned that he had COVID-19 antibodies." *Id.* ¶ 20. Hassett sought a medical exemption from United's vaccination policy "based on his documented antibody testing conferring 'natural immunity' from COVID-19." *Id.* ¶ 22. Hassett alleges that United denied his medical exemption request because he had already applied for a religious exemption and "could only qualify for one accommodation or the other." *Id.* ¶ 26. Hassett was "removed . . . from his ordinary work schedule" on approximately October 2, 2021, he stopped receiving paychecks on November 8, and his paid benefits expired at the end of November. *Id.* ¶¶ 23–27.

Hassett returned to full-time status at United on approximately April 20, 2022, after United ended its mandatory vaccination policy. Although Hassett ultimately returned to work, he alleges that United's policy deprived him of pay and benefits and also required him to incur extra costs and complete additional training.

## Discussion

To survive a motion to dismiss for failure to state a claim, "the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299 (7th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the pleading stage, the Court must "accept all

2

well-pleaded facts in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Id.*

## A. Disability discrimination claims (counts 4 and 6)

Hassett alleges that United discriminated against him and failed to provide a reasonable accommodation in violation of the ADA, 42 U.S.C. § 12112, and the ACRA, A.R.S. § 14-1463. According to Hassett, "[b]ecause of his non-vaccination status, United 'regarded' [him] as being highly susceptible to COVID-19 and therefore 'at risk'" and "thus discriminated against [Hassett] based on a perceived disability." Am. Compl. ¶ 96–97.

To state a claim under the ADA, a plaintiff "must allege that he is disabled within the meaning of the Act, is nevertheless qualified to perform the essential functions of the job either with or without reasonable accommodation, and has suffered an adverse employment action because of his disability." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). United argues that Hassett has failed to state both discrimination and failure-to-accommodate claims because "there is no plausible basis to conclude that he was regarded as having a current impairment, as is required to state a claim under the ADA and ACRA." Def.'s Mot. to Dismiss at 2. United also argues that failure-to-accommodate claims based solely on a plaintiff's perceived rather than actual disability are "foreclosed as a matter of law." *Id.* at 6.

As an initial matter, Hassett does not respond to the latter argument regarding his failure-to-accommodate claim. He therefore has forfeited the point. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). As a result, Hassett is no longer entitled to pursue an ADA or an

3

ACRA claim on this basis. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) ("[B]y failing to respond responsively to the motion to dismiss . . . [the plaintiffs] forfeited [their] right to continue litigating [their] claim."). Regardless, the Court agrees with United that such claims are not actionable under the ADA. *See Majors v. Gen. Elec. Co.*, 714 F.3d 527, 535 n. 4 (7th Cir. 2013) ("The amendments to the ADA clarified that employers needn't provide reasonable accommodation to a 'regarded as' disabled individual." (citing 42 U.S.C. § 12201(h))).

Turning back to Hassett's disability discrimination claims, the Court agrees with United that Hassett has failed to sufficiently plead that he has a "disability" within the meaning of the ADA or ACRA. The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

Hassett alleges that "[b]ecause of his non-vaccination status, United 'regarded' [him] as being highly susceptible to COVID-19 and therefore 'at risk'" and "thus discriminated against [Hassett] based on a perceived disability." Am. Compl. ¶¶ 96–97. But the Seventh Circuit has held that the "ADA's 'regarded as' prong" "plainly encompasses only current impairments, not future ones," and therefore does not "cover[ ] a situation where an employer views an applicant as at risk for developing a qualifying impairment in the future." *Shell v. Burlington N. Santa Fe Ry. Co.*, 941 F.3d 331, 336 (7th Cir. 2019). As a result, as this Court explained in a similar case against United, "the fact that United perceived [Hassett] as having a higher risk of contracting COVID-19 in the future due to his unvaccinated status does not allege a disability under

4

the ADA." *Ellis v. United Airlines, Inc.*, No. 23 C 123, 2023 WL 5722887, at *2 (N.D. Ill. Sept. 5, 2023). "Every district court to address this issue thus far appears to have concluded the same." *Id.* (collecting cases); *see also D'Cunha v. Northwell Health Sys.*, No. 22 C 0988, 2023 WL 2266520, at *5 (S.D.N.Y. Feb. 28, 2023).

      Hassett argues that his claim is not the same as the claims in *Ellis* and other vaccination-based ADA cases because his "claim is not merely premised on a 'future' disability (i.e. contracting COVID-19), but a 'present' disability of being 'regarded as having the 'wrong' or 'insufficient' COVID-19 antibodies . . . ." Pl.'s Resp. at 2. This is a distinction without a difference. The crux of Hassett's claim is that United discriminated against him based on his vaccination status. Although an individual's unvaccinated status may increase or be perceived as increasing the *risk* of developing an arguable impairment, it is not a present impairment. *Cf. Shell*, 941 F.3d at 335 (holding that the plaintiff was not "disabled" under the ADA where the defendant "feared he would develop [certain health issues] which undisputedly qualify as impairments under the statute" due to his obesity but "did not have those impairments at the time he applied to work for [the defendant], and the company held no perception to the contrary"). As United points out, "a contrary conclusion 'would mean that every unvaccinated person in the United States is now "disabled" under the ADA.'" Def.'s Mot. to Dismiss at 5 (quoting *Gallo v. Wash. Nat'l Baseball Club, LLC*, No. 22 C 1092, 2023 WL 2455678, at *4 (D.D.C. March 10, 2023)).

      For these reasons, the Court concludes that Hassett has failed to state a claim for disability discrimination and failure to accommodate under the ADA. Because Hassett does not dispute United's contention that the legal analysis is the same under

5

ACRA, his ACRA claims are insufficient for the same reasons. Because the fundamental legal flaw in these claims cannot be pleaded away, any amendment would be futile. The Court therefore dismisses these claims (counts 4 and 6) with prejudice.

B.     **Religious discrimination claims (counts 1 and 3)**

In addition to his disability discrimination claims, Hassett alleges that United discriminated against him on the basis of religion "[b]y refusing an accommodations [sic] for Plaintiff's faith" in violation of Title VII and the ACRA. Am. Compl. ¶ 52.[1] "To make out a prima facie case, an employee must demonstrate that: (1) an observance or practice that is religious in nature, and (2) that is based on a sincerely held religious belief, (3) conflicted with an employment requirement, and (4) the religious observance or practice was the basis or a motivating factor for the employee's discharge or other discriminatory treatment." *Kluge v. Brownsburg Cmty. Sch. Corp.*, 64 F.4th 861, 883 (7th Cir. 2023), *vacated on other grounds*, No. 21-2475, 2023 WL 4842324 (7th Cir. July 28, 2023).

1.     **Religious beliefs**

United first argues that Hassett has not plausibly alleged facts sufficient to state a claim because he has summarily alleged that "he holds 'Christian' beliefs 'against getting the COVID-19 vaccine'" but has not alleged any facts explaining how his beliefs conflict with vaccination. Def.'s Mot. to Dismiss at 7 (quoting Am. Compl. ¶¶ 13, 51, 73).

---

[1] United notes that it is unclear whether Hassett alleges a disparate treatment theory of religious discrimination in addition to his failure-to-accommodate theory. In his response, Hassett neither mentions a disparate treatment claim nor responds to United's arguments why any such claim must be dismissed. The Court therefore concludes that Hassett has forfeited any disparate treatment theory of liability for religious discrimination. *See Kirksey*, 168 F.3d at 1043.

6

"In the Seventh Circuit, the test for whether a sincerely held belief qualifies as religious for Title VII purposes is whether it 'occupies a place in the life of its possessor parallel to that filled by the orthodox belief in God,'" such as beliefs that involve "matters of the afterlife, spirituality, or the soul, among other possibilities." *Guthrie-Wilson v. Cook County*, No. 23 C 362, 2023 WL 8372043, at *2 (N.D. Ill. Dec. 4, 2023) (quoting *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 448 (7th Cir. 2013)).

      The Court agrees that Hassett's complaint contains no detail about his beliefs or how they conflict with United's COVID-19 vaccination policy. Hassett states only that he "submitted a religious exemption request . . . based on sincerely-held religious beliefs as a Christian," Am. Compl. ¶ 13, and that he "holds sincere Christian beliefs, *inter alia*, against getting the COVID-19 vaccine, of which beliefs United was aware." *Id.* ¶¶ 51, 73. But there is no self-evident connection between Christianity and the employment practice that Hassett opposed. Courts have dismissed Title VII claims under similar circumstances where plaintiffs "allege that [a practice] conflicts with their religious beliefs" but do not include any detail about "any religious tenet which is offended" or "the nature of the conflict" in the complaint. *Boone v. Ill. Dep't of Corrs.*, No. 21 C 3229, 2022 WL 17083394, at *5 (C.D. Ill. Nov. 18, 2022), *rev'd on other grounds*, 71 F.4th 622 (7th Cir. 2023) (dismissing the plaintiffs' Title VII claim based on mandatory COVID-19 testing that allegedly conflicted with their religious beliefs); *Troulliet v. Gray Media Grp., Inc.*, No. CV 22-5256, 2023 WL 2894707, at *5 (E.D. La. Apr. 11, 2023) (dismissing the plaintiff's Title VII claim because she "failed to allege with any particularity that she held a bona fide religious belief, much less one that conflicted with" her employer's COVID-19 vaccination requirement); *Egelkrout v. Aspirus, Inc.*, No. 22 C 118, 2022 WL

2833961, at *3 (W.D. Wis. July 20, 2022) (dismissing Title VII claim where the plaintiff alleged that she was "Catholic" but did not allege that this belief conflicted with her employer's COVID-19 testing requirement). Similarly, courts have dismissed Title VII claims where the plaintiffs have not plausibly alleged that a particular belief is, at its core, religious rather than secular. *See Guthrie-Wilson*, 2023 WL 8372043, at *2 ("[A]lthough plaintiff purports to ground her refusal to receive the Covid-19 vaccine in her faith as a Seventh Day Adventist, she identifies no specific religious tenet that conflicts with Covid-19 vaccination, citing only the broad principle that she must 'practice a healthy lifestyle and abstain from anything that could bring her harm.'"); *Passarella v. Aspirus, Inc.*, No. 22 C 287, 2023 WL 2455681, at *5 (W.D. Wis. Mar. 10, 2023) (dismissing Title VII claims where the plaintiffs "claim[ed] a right to refuse the vaccine 'as a Christian,'" but where the allegations showed that their refusal was "based on their personal judgments about vaccine safety and not for religious reasons"); *Winans v. Cox Auto., Inc.*, 669 F. Supp. 3d 394, 401 (E.D. Pa. 2023) (dismissing Title VII claim because the court could not "reasonably infer, based on the facts alleged in the Complaint" that the plaintiff's various concerns with the COVID-19 vaccine were "religious in nature"); *Fallon v. Mercy Cath. Med. Ctr.*, 877 F.3d 487, 492 (3d Cir. 2017) (affirming the dismissal of a Title VII claim because the Buddhist plaintiff's belief that "the flu vaccine may do more harm than good" was "a medical belief, not a religious one" under Title VII).

Because the complaint lacks any detail about Hassett's beliefs, it is impossible to gauge whether they are plausibly "rooted in religious belief" or whether they are "a matter of personal preference" based on "secular considerations." *Wisconsin v. Yoder*,

8

406 U.S. 205, 215–16 (1972). Indeed, there is some evidence that Hassett's opposition to the vaccination was based on secular concerns. *See, e.g.*, Am. Compl. ¶ 81 (alleging that he has "the same (or better) antibodies conferred by a vaccine" (sic)). Of course, the fact that Hassett's religious views may overlap with his other opinions does not mean that he cannot state a claim under Title VII. *See Passarella*, 2023 WL 2455681, at *5. But he must do more than plead threadbare allegations that he holds sincere religious beliefs that conflict with United's vaccination requirement. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("[A] court need not accept as true 'legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009))).

Hassett responds that "United should be estopped from arguing that [his] pleading is 'insufficient' as to the nature of his Title VII religious discrimination claim" because it approved his religious exemption request, which he argues contained further information about his religious beliefs. Pl.'s Resp. at 3. But United's claimed knowledge regarding certain facts has nothing to do with whether Hassett has stated a claim for relief "that is plausible *on its face*." *Twombly*, 550 U.S. at 547 (emphasis added). Hassett cites no authority to the contrary in support of his estoppel argument. Moreover, as United points out, the fact that it approved an employee's exemption request does not mean that it has conceded for purposes of litigation that it was aware that its employment practices conflicted with that employee's sincerely held religious beliefs. An employer can provide an accommodation that "may very well go above and beyond what [Title VII] requires." *Tate v. Dart*, 51 F.4th 789, 800 (7th Cir. 2022).

Hassett further argues that, at the pleading stage, he is not required to "provide[ ]

9

evidence of his beliefs and the conflict with United's 'no exceptions' vaccination policy." Pl.'s Resp. at 4–5. But the fact that Hassett need not provide supporting *evidence* at this stage does not excuse him from the well-established requirement that he must at least plead *facts* to support the plausible inference that United has violated Title VII. Because Hassett has not done so, the Court concludes that he has failed to state a plausible claim under Title VII.

### 2. Motive

United also argues that Hassett's claims fail for the additional reason that he has not alleged "that United took any alleged adverse action with the motive of avoiding the need to accommodate his alleged religious practice." Def.'s Mot. to Dismiss at 9. United relies heavily on this Court's decision in *Anderson v. United Airlines, Inc.*, No. 23 C 989, 2023 WL 5721594 (N.D. Ill. Sept. 5, 2023), which also involved employees who took issue with United's vaccination policy. That case, however, involved thirty plaintiffs who included virtually no specific factual allegations regarding whether they submitted exemption requests (and on what grounds), how United responded, and whether they had experienced an adverse employment action. One reasonably might question whether *Anderson*'s rationale applies in this case, in which Hassett alleges that he requested a religious exemption and that United granted his request but that its only proffered accommodations were unreasonable. But Hassett fails to respond to United's motive arguments, which span multiple paragraphs in its brief, and thus he has forfeited the point.

Because Hassett does not dispute United's contention that the legal analysis is the same under ACRA, his ACRA religious discrimination claim is insufficient for the

same reasons as his Title VII claim. The Court thus dismisses both the Title VII claim (count 1) and the ACRA religious discrimination claim (count 3).

C.  **Retaliation claims (counts 2, 5, and 7)**

Hassett also alleges that United retaliated against him in violation of the ADA, Title VII, and the ACRA. The Court agrees with United that Hassett's retaliation claims are duplicative of his failure-to-accommodate claims. The only protected activity that Hassett alleges he engaged in is "requesting an accommodation," and the only adverse action that he alleges that he suffered is United's decision to approve his accommodation request but place him on unpaid leave. Am. Compl. ¶¶ 63–64. As numerous courts in this district have explained, "[a] 'failure to accommodate' cannot serve as an adverse action for an ADA retaliation claim because it merely restates an underlying failure to accommodate claim." *Moore-Fotso v. Bd. of Educ. of the City of Chi.*, 211 F. Supp. 3d 1012, 1037 (N.D. Ill. 2016) (collecting cases); *see also Kinney v. St. Mary's Health, Inc.*, No. 20 C 226, 2022 WL 4745259, at *8 (S.D. Ind. Aug. 31, 2022) (applying the same reasoning to a Title VII retaliation claim). "Otherwise, 'almost every failure to accommodate claim would be simultaneously a retaliation claim.'" *Id.* at 1038 (quoting *Pagliaroni v. Daimler Chrysler Corp.*, No. 04 C 1213, 2006 WL 2668157, at *9 (E.D. Wis. Sept. 15, 2006)). Because the fundamental legal flaw in these claims cannot be pleaded away, any amendment would be futile. The Court therefore dismisses the claims with prejudice.

D.  **ACRA claims**

Finally, the Court notes that Hassett's response to United's motion to dismiss does not dispute United's position that the standards for his ACRA claims same as the

11

standards for his federal claims. He therefore has forfeited the point. Because the Court has concluded that Hassett fails to state a claim under Title VII and the ADA, the Court likewise concludes that he has failed to state a claim under the ACRA. The Court thus need not consider United's alternative argument that Hassett's ACRA claims are barred because the statute does not apply extraterritorially.

## Conclusion

For the reasons stated above, the Court grants the defendant's motion to dismiss all the plaintiff's claims [dkt. no. 49]. Unless the plaintiff files, by May 3, 2024, a motion for leave to amend that attaches a proposed amended complaint stating at least one viable claim over which the Court has jurisdiction, the Court will enter judgment in favor of the defendant. The case is set for a telephonic status hearing on May 13, 2024 at 8:50 a.m., using call-in number 888-684-8852, access code 746-1053.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 10, 2024