IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN HASSETT,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC.,<br><br>        Defendant. | Case No. 1:23-cv-14592<br><br>Judge:    Matthew F. Kennelly |

**DEFENDANT'S MOTION FOR APPROVAL AND ENTRY OF BILL OF COSTS**

Defendant, United Airlines, Inc. ("Defendant"), by and through its attorneys, Littler Mendelson, P.C., and pursuant to Federal Rule of Civil Procedure 54, Local Rule 54, and 28 U.S.C. § 1920, hereby moves for approval and entry of its Bill of Costs. In support of its motion, Defendant states as follows:

1. On November 24, 2025, this Court granted Defendant's Motion for Summary Judgment, dismissing Plaintiff's Complaint in its entirety, and also entered judgment in favor of Defendant. [Dkt. Nos. 108-109].

2. As the prevailing party, Defendant is entitled to costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure, which provides: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorneys' fees – should be allowed to the prevailing party." More specifically, "[u]nder Rule 54(d) of the Federal Rules of Civil Procedure, the presumption is that the prevailing party will recover costs, and the ultimate decision to award costs is within the district court's discretion." *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). In addition, "[t]he presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d

926, 945 (7th Cir. 1997); *see also Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) (finding that in general, "only misconduct by the prevailing party worthy of a penalty" or indigence of the losing party "will suffice to justify denying costs" to the prevailing party).

3. Local Rule 54.1 of the United States District Court for the Northern District of Illinois provides, in relevant part: "Within 30 days of the entry of judgment allowing costs, the prevailing party shall file a bill of costs with the clerk and serve a copy of the bill on each adverse party." Local Rule 54.1 further provides that that costs shall be taxed in accordance with the Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Specifically, 28 U.S.C. § 1920 provides that the following items are taxable as costs:

   a. Fees of the clerk and marshal;

   b. Fees for printed or electronically recorded transcripts necessarily obtained for use in this case;

   c. Fees for disbursements for printing and witnesses;

   d. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

   e. Docket fees under Section 1923 of this title;

   f. Compensation of court appointed experts, compensation or interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this title.

4. Further, under controlling Seventh Circuit case law, and pursuant to Fed. R. Civ. P. 26(b)(4)(E), "[u]nless manifest injustice would result," Defendant is also entitled to non-court appointed expert fees for Rule 26(b)(4)(A) experts who may testify at trial that are reasonable,

including costs associated with the time spent preparing for a deposition, as well as the time attending the deposition. *Fairley v. Andrews*, No. 03-C-5207, 2008 WL 961592, at *5 (N.D. Ill. Apr. 8, 2008). "In determining whether expert fees are appropriate…courts consider whether the fees are reasonable and whether the entire cost should be borne by the opposing party." *Neutral Tandem, Inc. v. Peerless Network, Inc.*, No. 08 C 3402, 2011 WL 13199213, at *5 (N.D. Ill. Sept. 1, 2011). Here, Defendant seeks to recover the reasonable costs and fees of one of its three retained experts, Mr. Jerome Ostronic, who is the only expert that Plaintiff deposed. Specifically, United seeks to recover the reasonable costs and fees associated with the time Mr. Ostronic spent in preparing for his deposition, the time he spent in attending his deposition, and the time he spent in reviewing and correcting his deposition transcript.

5. Mr. Ostronic was deposed on August 7, 2025. Mr. Ostronic has more than 18 years of experience as a federal aviation safety inspector and specialist, more than 15 years of experience as a commercial airline pilot, and more than 10 years of experience as a technical consultant for air carrier regulatory compliance and air carrier operating policies and procedures. Mr. Ostronic charged $650 per hour for his work on this matter. Mr. Ostronic spent 12 hours preparing for his deposition, 4.75 hours attending his deposition, and 18.75 hours reviewing and correcting his deposition transcript, including summarizing error notations.

6. The total costs associated with the time Mr. Ostronic spent preparing for his deposition, attending his deposition, and reviewing and correcting his transcript is $23,075. These costs are reasonable based on the expert's qualifications and are within the range of reasonable hourly rates allowed for experts in the NDIL. *See, e.g., Nilssen v. Osram Sylvania, Inc.*, No. 01 C 3585, 2007 WL 257711, at *5 (N.D. Ill. Jan. 23, 2007) (granting fees for 46.5 hours of expert's deposition preparation and time at the rate of $450 per hour, for a total of $21,628.41); *Neutral*

*Tandem, Inc.*, 2011 WL 13199213, at *5 (granting reasonable expert costs for 39 hours of deposition preparation not including the deposition itself). United relied upon Mr. Ostronic's deposition testimony in drafting its motion for summary judgment. [Dkt. No. 99-31]. Further, in granting United's motion for summary judgment, this Court cited Mr. Ostronic's deposition testimony. [Dkt. No. 108, pp.12-13].

7. United also seeks to recover transcript and court reporter fees from the depositions that Defendant took in defense of this litigation. *Dishman v. Cleary*, 279 F.R.D. 460, 469 (N.D. Ill. 2012) (prevailing parties may recover costs for transcripts so long as they do not exceed the regular copy rate as established by the Judicial Conference of the United States).[1] Similarly, expedited transcripts may be recoverable where reasonable and necessary, if, for example, a deposition falls near the time of trial or other Court-imposed deadlines. *Nilssen*, 2007 WL 257711, at *3 (parties may recover expedited transcript fees when reasonable and necessary such as when there are court-imposed deadlines). Here, United ordered an expedited transcript for the deposition of Mr. Ostronic due to the proximity between his deposition and United's briefing on summary judgment. As such, the expedited transcript utilized for summary judgment were reasonable and necessary.

8. United relied upon each deposition in supporting its motion for summary judgement except for the transcript of Plaintiff's wife, which would have been relevant to the defense against Plaintiff's damages claims at trial. Therefore, it was reasonable for United to order each transcript.

9. In addition, United seeks $2,369.80 costs incurred for one in-house copy of the Parties' discovery related documents in this case, which is calculated by taking the total number of pages of discovery-related documents and multiplying that by $0.20 per page. This Court has

---

[1] The rates set forth by the Judicial Conference can be found here: https://www.uscourts.gov/court-programs/federal-court-reporting-program#rates.

found that $.20 per page is reasonable for a copy of the discovery record, and that such is a reasonable and necessary expense. *See*, *e.g.*, *Allen v. City of Chi.*, No. 09 C 243, 2013 WL 1966363, at *4 (N.D. Ill. May 10, 2013) ("[E]xpense of copying one set of discovery documents is a necessary expense"); *Jones v. Chi. Bd. of Educ.*, No. 11 C 8326, 2013 WL 2422653, at *2 (N.D. Ill. June 3, 2013) (rate of $0.20 per page for copies is reasonable). The total cost of $2,369.80 includes $87.20 for copies of the Parties' discovery requests, responses thereto, and initial disclosures (436 pages in total) and $2,282.60 for the Parties' discovery production (11,413 pages in total).

10. United's Bill of Costs (Form AO 133), Itemization of Costs, and supporting affidavit, are attached hereto as **Exhibits 1-3**, respectively. Copies of all invoices are attached to **Exhibit 2** as **Exhibits A-H.**

11. As set forth in the aforementioned exhibits, Defendant submits its Bill of Costs in this matter in the amount of $30,180.06

12. Judgment for Defendant was entered in this matter on November 24, 2025. As a result, Defendant's Bill of Costs is timely under Local Rule 54.1.

WHEREFORE, Defendant United Airlines, Inc. respectfully requests that its Bill of Costs be approved and entered for any further relief deemed necessary and appropriate by this court.

Dated:   December 23, 2025              Respectfully submitted,

                                        **UNITED AIRLINES, INC.**

                                        */s/ Shanthi V. Gaur*
                                        One of Its Attorneys


Shanthi V. Gaur, Bar No. 06224996
sgaur@littler.com
Angela R. Huisingh, Bar No. 6319257
ahuisingh@littler.com
Eliza Kaye, Bar No. 6341888
ekaye@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL  60654
Telephone:    312.372.5520
Facsimile:    312.372.7880

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that on December 23, 2025, she caused a copy of **Defendant's Motion for Approval and Entry Bill of Costs** to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following counsel of record for Plaintiffs:

Joshua W. Carden
Carden Livesay, Ltd.
419 East Juanita Avenue, Suite 103
Mesa, AZ 85204
joshua@cardenlivesay.com

                                                                */s/ Shanthi V. Gaur*
                                                                  Shanthi V. Gaur