**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JOHN HASSETT, )
           )
      **Plaintiff,** )
           )
   **vs.** )     **Case No. 23 C 14592**
           )
UNITED AIRLINES, INC., )
           )
     **Defendant.** )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

John Hassett sued United Airlines, Inc., his employer, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), claiming that United discriminated against him by not reasonably accommodating his religious objection to receiving a COVID-19 vaccination. The Court granted summary judgment in favor of United. United has filed a bill of costs, which it revised after receiving Hassett's response. United requests costs of $29,192.90. The Court reduces the requested costs by $14,232.30 and taxes Hassett $14,960.60.

### Background

United is one of the world's largest airlines. Hassett worked for United as a pilot. United implemented a COVID-19 vaccination requirement for its United States-based employees, which included Hassett. Hassett, who is a Christian, requested an exemption, citing a religious objection to being vaccinated. United granted the religious exemption. Hassett later requested a medical exemption, which United denied.

United accommodated exempt employees differently depending on the

employee's job and the nature of the exemption.  United provided pilots exempt from the vaccination requirement with paid leave from October to November 2021 and unpaid leave for up to six years.  For pilots with a religious exemption, like Hassett, the unpaid leave was categorized as personal leave, which meant that, pursuant to the collective bargaining agreement between United and the pilots' union, pilots lost travel pass privileges.  After United granted Hassett an exemption, Hassett was on unpaid leave for four and a half months.  United permitted Hassett to return to work in March 2022.

Hassett sued United, alleging religious discrimination under Title VII.  He alleged that United's offer of unpaid leave without benefits was not a reasonable accommodation and instead was effectively a constructive discharge motivated by his religious beliefs.  Hassett also brought other claims that were dismissed by the Court upon a motion to dismiss by United.

United moved for summary judgment.  The Court granted summary judgment for United.  *See Hassett v. United Airlines, Inc.*, No. 23 C 14592, 2025 WL 3268667 (N.D. Ill. Nov. 24, 2025).  The Court held that a reasonable jury could not find that United could reasonably accommodate Hassett's religious beliefs because each of Hassett's proposed accommodations—reliance on natural immunity, masking, and testing—would cause an undue hardship to United.  The Court noted that one of United's experts, Jerome Ostronic, opined that masking makes it more difficult for pilots to hear one another in the cockpit and increases the amount of time it takes a pilot to don an oxygen mask in an emergency.

After the Court granted summary judgment for United, United filed its bill of costs, which it revised after receiving Hassett's response.

2

**Discussion**

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate."  *Lange v. City of Oconto*, 28 F.4th 825, 845 (7th Cir. 2022) (quoting *Richardson v. Chi. Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019)).

The Court must assess "two questions when reviewing an award of costs:  '(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable.'"  *Lane v. Person*, 40 F.4th 813, 815 (7th Cir. 2022) (quoting *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000)).  To be recoverable, an expense must fall into one of the categories of costs specified by 28 U.S.C. § 1920.  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42 (1987).  "Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable."  *Trs. of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009).

United originally sought to recover a total of $30,180.06.  *See* dkt. 115-1.  In its revised bill of costs, it now seeks to recover $29,192.90.  *See* dkt. 121-2.  The requested costs fall into three categories:  costs of transcripts, costs of copies, and fees for one of United's experts, Jerome Ostronic.

**A.      Transcript costs**

First, United requests fees for printed or electronically recorded transcripts necessarily obtained for the case in the amount of $4,735.26.  This is a recoverable

3

category of costs under 28 U.S.C. § 1920(2). Under Local Rule 54.1(b), the recoverable costs of transcription "shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed." N.D. Ill. L.R. 54.1(b). The Court set a rate of $4.40 per transcript page for thirty-day transcripts in fiscal year 2025, the year in which depositions in this case took place. *See* N.D. Ill. General Order 23-0015 (May 19, 2023) (establishing transcript rates for all transcripts requested after October 1, 2023). Additionally, "costs associated with deposition exhibits [are] taxable on the ground that 'exhibits are essential to understanding the content of a deposition[.]'" *Springer v. Ethicon, Inc.*, No. 17 C 3930, 2018 WL 1453553, at *14 (N.D. Ill. Mar. 23, 2018) (quoting *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, No. 08 C 0242, 2011 WL 5008425, at *2 (N.D. Ill. Oct. 20, 2011)).

Hassett seeks to reduce the transcript costs to $3,748.10 to eliminate costs for deposition summaries, processing, shipping and handling, attendance fees and per page charges in excess of the rates permitted by the Court, rough transcript drafts, and an audio recording of a hearing in this Court. Hassett also sought to reduce the transcript fee for Ostronic's deposition to the standard thirty-day rate rather than an expedited rate. United agrees with the entirety of Hassett's proposal. The Court has reviewed the remaining costs in this category for reasonableness, and it finds reasonable the cost of $3,748.10 for six deposition transcripts, totaling about 900 pages, and associated exhibits.

## B.     Copying costs

Second, Hassett objects to United's request for $2,369.80, the cost of one in-

4

house copy of the discovery-related documents at a rate of $0.20 per page. "Fees for exemplification and the costs of making copies of any materials necessarily obtained for use in the case" are a category of recoverable costs. 28 U.S.C. § 1920(4). Under section 1920(4), a prevailing party may recover photocopying costs for documents provided to the court, but not for copies made for the convenience of counsel. *See McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990) ("The phrase 'for use in the case' refers to materials actually prepared for use in presenting evidence to the court . . . ." (quoting *E.E.O.C. v. Kenosha Unified School Dist. No. 1*, 620 F.2d 1220, 1227–28 (7th Cir. 1980))).

Hassett contends that United seeks reimbursement for copies made for convenience, not copies provided to the court. The Court agrees that United seeks reimbursement for copies that were not "necessarily used in the case." 28 U.S.C. § 1920(4). Although United cites one opinion from a former judge of this district reading section 1920(4) to permit costs for internal copies, this Court has not awarded such costs in the past and does not do so now. *Compare, e.g.*, *Merix Pharm. Corp. v. Clinical Supplies Mgmt., Inc.*, 106 F. Supp. 3d 927, 944 (N.D. Ill. 2015) (declining to tax costs for copies for internal use), *with Allen v. City of Chicago*, No. 09 C 243, 2013 WL 1966363, at *4 (N.D. Ill. May 10, 2013) ("The expense of copying one set of discovery documents is a necessary expense[.]"). The Court denies United's request for copying expenses.

## C.    Expert costs

Finally, United seeks to recover $23,075 in fees charged by its expert, Jerome Ostronic, the only one of its three experts whom Hassett deposed. A party may recover

expert fees under Federal Rule of Civil Procedure 26(b)(4)(E). *See Chambers v. Ingram*, 858 F.2d 351, 360–61 (7th Cir. 1988). That rule provides that, "[u]nless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)[.]" Fed. R. Civ. P. 26(b)(4)(E). A party may request such costs after the close of discovery. *Chambers*, 858 F.2d at 360–61.

Costs associated with the time an expert spends preparing for a deposition, attending a deposition, and reviewing a deposition transcript are recoverable under Rule 26(b)(4)(E). *See, e.g.*, *Halasa v. ITT Educ. Servs., Inc.,* 690 F.3d 844, 852 (7th Cir. 2012); *Se-Kure Controls, Inc. v. Vanguard Prods. Grp., Inc.*, 873 F. Supp. 2d 939, 956 (N.D. Ill. 2012) (collecting cases). "Time spent preparing for a deposition is, literally speaking, time spent in responding to discovery[.]" *Collins v. Village of Woodridge*, 197 F.R.D. 354, 357 (N.D. Ill. 1999). "The party seeking reimbursement of their expert witness fees has the burden of demonstrating to the court that the expert's rate and fee are reasonable." *Se-Kure Controls*, 873 F. Supp. 2d at 955.

United to seeks to recover fees for Ostronic's preparation for his deposition, time testifying in the deposition, and his post-deposition review of the transcript for errors. Hassett does not object to the fees for 4.75 hours of deposition attendance. He does object, however, to Ostronic's hourly rate and the fees claimed for preparation for his deposition (12 hours) and review of the deposition transcript (18.75 hours).

### 1. Ostronic's rate

United seeks reimbursement for Ostronic's fees at a rate of $650 per hour. Hassett seeks to limit the rate to $500 per hour because "$650.00 seems a bit

steep and more like a deposition deterrent." Resp. at 10. Although Hassett's objection does not cite any case law, the Court must nevertheless review the requested rate for reasonableness.

"The burden of showing that an expert's rate and fee are reasonable lies with the party seeking reimbursement." *LK Nutrition, LLC v. Premier Rsch. Labs, LP*, No. 12 C 7905, 2015 WL 4466632, at *4 (N.D. Ill. July 21, 2015). Courts weigh the following factors to evaluate the reasonableness of an expert's fee:

> (1) the expert's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually being charged to the party that retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Se-Kure Controls*, 873 F. Supp. 2d at 955. The fifth factor, the fee charged by the party retaining the expert, is particularly significant. *See Balcor Real Est. Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) ("[T]he best guarantee of reasonableness is willingness to pay.").

United describes Ostronic as an expert in federal aviation safety with almost two decades of experience in that field, fifteen years of experience as a commercial airline pilot, and over ten years of consulting experience in air regulatory compliance and air carrier operation and procedures. His education and training include a commercial pilot certificate, training as an air traffic controller, and training as an FAA Aviation Safety Inspector. Ostronic's firm billed United $650 per hour. Def.'s Mot. for Bill of Costs, Ex. H.[1] As other courts have emphasized, a party's willingness to pay an expert's rate "is

---

[1] Ostronic's expert report states that United was billed $800 per hour for his in-court and deposition testimony and $650 per hour for other work. Def.'s L.R. 56.1 Stmt., Ex. 29 at

7

the most important factor[.]" *LK Nutrition*, 2015 WL 4466632, at *4. United has not presented evidence regarding the prevailing rates of other experts in the industry or the fees typically charged by Ostronic in similar matters.

The Court concludes that Ostronic's rate is reasonable given his expertise in aviation and the strong weight placed on the fee paid by United for his services. The fee is not as wildly high as Hassett suggests. *See, e.g., Cascades Computer Innovation, LLC v. Samsung Elecs. Co.*, No. 11 C 4574, 2016 WL 612792, at *5 (N.D. Ill. Feb. 16, 2016) (Kennelly, J.) (awarding a $550 per hour rate—in 2016—for an expert on damages related to patent infringement). And, as United points out, Ostronic's rate is not out of step with awards by other courts in this district when those awards are adjusted for inflation. *See* Reply at 3.

Hassett also objects to Ostronic's rate based on the quality of his testimony and the limited significance of his testimony and report to United's case. Hassett says that United failed to attach Ostronic's deposition transcript to its statement of facts and that "[t]he only reason it is even in the record is because Plaintiff put it there." Resp. at 7. That is not accurate. Ostronic's deposition transcript and report were attached to United's statement of facts. Def.'s L.R. 56.1 Stmt., Exs. 29, 31. United's statement of facts repeatedly cited Ostronic's report and deposition transcript, although United did not cite either in its memorandum in support of its motion for summary judgment. *See* Def.'s L.R. 56.1 Stmt. ¶¶ 51–52, 56, 58–59, 60–64, 66, 68–73, 75–76. Additionally, the Court cited Ostronic's opinion in its summary judgment ruling. *See Hassett*, 2025 WL

---

3. United's motion regarding costs and the attached invoice from Ostronic do not cite the $800 rate and instead state that Ostronic's rate was $650 per hour. Mot. for Bill of Costs at 5; *Id.*, Ex. H. The Court applies the $650 rate.

3268667, at *6. Ostronic's work was more relevant to the case than Hassett's characterization suggests.

Accordingly, the Court will calculate Ostronic's recoverable expert fees at the requested rate of $650 per hour.

### 2. Preparation time

To assess the reasonableness of an expert's deposition preparation time, courts examine "'the preparation time in relation to the deposition time,' and the nature or complexity of a case[.]" *Se-Kure Controls*, 873 F. Supp. 2d at 956 (quoting *LG Elecs.*, 2011 WL 5008425, at *5). "[A] 3 to 1 ratio of preparation to deposition time is considered reasonable in complex cases." *Springer*, 2018 WL 1453553, at *18. Complex cases involve "extensive document review, complex issues, and lengthy expert reports." *Neutral Tandem, Inc. v. Peerless Network, Inc.*, No. 08 C 3402, 2011 WL 13199213, at *5 (N.D. Ill. Sept. 1, 2011).

"Also relevant is how the expert spent his time and the specificity with which the expert describes that time in the invoice." *LK Nutrition*, 2015 WL 4466632, at *3. "In general, '[w]here the parties offer little evidence to support their positions, the court may use its discretion in determining the reasonableness of the charged fee.'" *Se–Kure Controls,* 873 F. Supp. 2d at 957 (quoting *Liquid Dynamics Corp. v. Vaughan Co.,* No. 01 C 6934, 2002 WL 31207212, at *3 (N.D. Ill. Oct. 2, 2002)).

United requests reimbursement for twelve hours of deposition preparation. That is a preparation-to-deposition time ratio of about 2.5 to 1. To assess the reasonableness of that ratio, the Court looks to the nature and complexity of the case. This is an employment discrimination case. The case concerns aviation, a heavily

9

regulated industry, and more specifically pilot safety in light of COVID-19. But it is not a highly technical or scientific case akin to those where courts have awarded preparation fees at a ratio of 3:1. *See id.* at 956 (collecting patent infringement cases where courts awarded experts preparation fees at a 3:1 ratio and comparing those cases with a gender discrimination case, *Collins,* 197 F.R.D. at 358, in which this Court awarded fees at a 1.5:1 ratio); *Next Payment Sols., Inc. v. CLEAResult Consulting, Inc.*, No. 17 C 8829, 2019 WL 955354, at *29 (N.D. Ill. Feb. 27, 2019) (affirming 3:1 ratio in case involving trade secrets and computer software issues), *aff'd*, 163 F.4th 1091 (7th Cir. 2026).

As far as Ostronic's contribution to the case, he wrote a thirty-page expert report that reviewed pertinent regulations, guidance, and standards of the Federal Aviation Administration, discussing the need for clear spoken communication by pilots, COVID-19 safety guidance, and protocols for donning oxygen masks during pressurization malfunctions. *See* L.R. 56.1 Stmt., Ex. 29. He also reviewed United's guidance on personal protective equipment and use of oxygen masks, as well as federal guidance on pilot safety and workplace matters. *See id.* at 4–5.

These topics were in line with the content of Ostronic's deposition. His testimony involved FAA guidance and airline practices rather than highly technical or scientific matters. As far as Ostronic's contemporaneous explanation of his preparation time, he simply made entries stating "[p]reparation for deposition" and reflecting calls for that purpose. Def.'s Mot. for Bill of Costs, Ex. H. It is therefore not clear exactly how Ostronic prepared for the deposition or what materials he reviewed for that purpose. The materials reviewed in preparing his expert report included FAA regulations,

10

technical standard orders, and two scientific studies on face mask use and communication. L.R. 56.1 Stmt., Ex. 29, at 4–5. He also testified that he spoke with United scheduling and safety officials.

Although the material discussed in Ostronic's deposition and reviewed for his expert report is not pedestrian, it is not so complicated as to warrant a 3:1 ratio of preparation to deposition time. The Court will reduce the ratio to 2:1 and award United $6,175 for nine-and-a-half hours of preparation time for Ostronic's deposition.

United cites two cases where courts upheld expert fees for extensive preparation time of around forty hours, but both were patent infringement cases where the experts likely prepared to testify on complex technical or scientific issues. These cases are not particularly comparable to this one. *See Nilssen v. Osram Sylvania, Inc.*, No. 01 C 3585, 2007 WL 257711, at *5 (N.D. Ill. Jan. 23, 2007) (granting fees for forty-six-and-a-half hours of expert's deposition preparation in patent infringement case); *Neutral Tandem, Inc.*, 2011 WL 13199213, at *6 (granting reasonable expert fees of thirty-nine hours of deposition preparation not including the deposition itself). Finally, Hassett objects that Ostronic was not well-prepared and cited inaccurate bulletins and guidelines. Resp. at 10. But Ostronic's preparation was not so inadequate as to make his requested preparation time unreasonable.

### 3.    Post-deposition review

United seeks $12,187.50 for the 18.75 hours that Ostronic spent reviewing his deposition transcript. Although Hassett at first contended that Ostronic did not submit an errata sheet, United has submitted one, Reply, Ex. A, and Hassett continues to object to the reasonableness of the length of Ostronic's post-deposition review. The

11

errata sheet reflects two corrections to responses, three corrections of the word "assistant" in a job title to "system," and a number of transcription errors. *Id.* The errata sheet runs just over one page.

Ostronic's costs for reviewing his deposition are not reasonable or properly substantiated. The Court does not understand, and United has not justified, why nearly nineteen hours of review was required for a 172-page transcript of a half-day deposition. United has not presented, and the Court has not discovered, a case in this district in which a court reimbursed a party for an expert's review of a transcript for this length of time and when the review was not required to prepare for another hearing. *See, e.g.*, *Next Payment Sols.*, 2019 WL 955354, at *29 (holding that spending "almost the same amount of time" reviewing deposition transcript as testifying was not reasonable and reducing the amount requested by half); *Fox v. Will Cnty.*, No. 04 C 7309, 2009 WL 723385, at *4 (N.D. Ill. Mar. 11, 2009) (awarding $750 for expert's time spent reviewing deposition transcript); *The Medicines Co. v. Mylan Inc.*, No. 11 C 1285, 2017 WL 4882379, at *8 (N.D. Ill. Oct. 30, 2017) (compensating expert for two-and-a-half hours of deposition review time rather than nine hours, in part for consistency with the review time of other experts).

The Court finds that three hours of time is a reasonable period to review for accuracy the 172-page transcript of a half-day deposition. *See Ross-Hime Designs, Inc. v. United States*, 124 Fed. Cl. 69, 78 (2015) (holding that one-and-a-half hours for reviewing 236 pages of technical testimony from a seven-hour deposition was reasonable); *Fulks v. Allstate Prop. & Cas., Ins. Co.*, No. 3:14 C 29473, 2016 WL 447628, at *4 (S.D.W. Va. Feb. 4, 2016) (ordering reimbursement for two-and-a-half

12

hours of deposition transcript review for a deposition of the same length); *cf. G.C. v. S. Washington Cnty. Sch. Dist. 833*, No. 17 C 3680, 2019 WL 586676, at *4 (D. Minn. Feb. 13, 2019) (awarding fees for two-and-a-half hours of expert's deposition review and errata compilation for a four-hour deposition). The Court will therefore award United $1950 to compensate Ostronic for the time spent reviewing his deposition transcript.

In total expert fees, the Court will award United $3,087.50 for Ostronic's 4.75 hours of deposition attendance, $6,175 for 9.5 hours of deposition preparation, and $1950 for 3 hours of transcript review. Each figure is calculated at United's proposed rate of $650 per hour.

### Conclusion

For the above reasons, the Court approves in part United's bill of costs [dkt. 115]. Hassett is taxed costs of $14,960.60, comprising $3,748.10 in transcript fees and $11,212.50 in expert fees. The remainder of the bill of costs is overruled.

Date: March 12, 2026

_____
MATTHEW F. KENNELLY
United States District Judge

13